UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| RAYMOND TATE | ) | |
|---|---|---|
| | ) | Case No. 1:22-cv-195 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| UNITED STATES OF AMERICA | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| | ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Raymond Tate's objection (Doc. 12) to Magistrate Judge Steger's report and recommendation (Doc. 11), which recommended that this action be dismissed for failure to state a claim. Also before the Court is Plaintiff's motion for extension of time to file an objection to the report and recommendation (Doc. 13). For good cause shown, the motion for extension of time (Doc. 13) is **GRANTED**, and Plaintiff's objection (Doc. 12) is therefore **DEEMED FILED**. For the following reasons, the Court will **OVERRULE** Plaintiff's objection (Doc. 12) and **ACCEPT** and **ADOPT** the report and recommendation (Doc. 11), which will result in the dismissal of this action. The Court will also **REFER** Plaintiff to the undersigned for review and determination of whether an injunction is appropriate based on his repetitive and frivolous filings, pursuant to Standing Order 18-04.

### I. BACKGROUND

Plaintiff filed this action on July 11, 2022, as a claim for fraud against the Government. (*See* Doc. 1.) In 2010, this Court sentenced Plaintiff to life plus 120 months in prison after a jury found Plaintiff guilty of: (1) distribution of fifty grams or more cocaine base in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A); (2) tampering with a witness in violation of 18 U.S.C. §

1512(a)(1)(C) and (a)(2); (3) attempt to kill in violation of 18 U.S.C. § 1512(a)(1)(C) and (a)(2);and (4) knowingly using, carrying, and discharging a firearm in furtherance of a crime of violence or drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Doc. 186, at 2 in Case No. 1:08-cr-118.) Since that time, in his original criminal case, Plaintiff has filed an appeal of his conviction, a motion to vacate his sentence under 28 U.S.C § 2255, an appeal of the denial of his § 2255 motion, a second motion to vacate under § 2255, a motion for reconsideration of the denial of his second § 2255 motion, two motions to amend his second § 2255 motion, an appeal of the denial of his second § 2255 motion, a third § 2255 motion, a motion for reconsideration of the denial of his third § 2255 motion, a petition for writ of certiorari to the Supreme Court, a fourth § 2255 motion, and a motion to reduce his sentence. (Docs. 184, 203, 246, 249, 254, 255, 257, 259, 269, 271, 273, 278, 281 in Case No. 1:08-cr-118.) None of these motions or appeals have been successful.

Plaintiff also filed additional actions in this Court: a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1 in Case No. 1:09-cv-248) and two essentially identical civil-rights complaints pursuant to 42 U.S.C. § 1983 against certain detectives whose actions he alleged resulted in his arrest and prosecution in his criminal case (Doc. 1 in Case No. 1:09-cv-97; Doc. 1 in Case No. 1:09-cv-65). His § 2241 petition was dismissed because the relief he sought was more appropriate for a § 2255 motion, and the Court could not entertain such a motion because the direct appeal of his criminal conviction was still pending at that time. (Doc. 17 in Case No. 1:09-cv-248.) His civil-rights complaints were dismissed for failure to state a claim. (Doc. 12 in Case No. 1:09-cv-97; Doc. 17 in Case No. 1:09-cv-65.)

## II.     ANALYSIS

In the action now before the Court, Plaintiff claims that the Government committed fraud on this Court by calling a witness at his trial, Shanika Owens, who he alleges testified falsely. (Doc. 1, at 4.) The relief Plaintiff seeks in his complaint consists of: (1) "a judgment in [his] favor and against the United States, (2) "relief from the criminal judgment in criminal case number 1:08-cr-118," (3) overturning his conviction and vacating his sentence, (4) "immediate release from [his] current incarceration," and (5) "suppress[ing] Ms. Owens'[s] testimony and all evidence derived from it." (*Id.* at 5.) Plaintiff moved for leave to proceed *in forma pauperis*. (Doc. 6.) Under the Prison Litigation Reform Act ("PLRA"), district courts must screen pro se prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). Therefore, Magistrate Judge Steger screened Plaintiff's complaint prior to considering his motion to proceed *in forma pauperis*. (*See* Doc. 11.) Magistrate Judge Steger found that "Plaintiff's fraud claim is a clear attack on the 'fact and duration of confinement' as it challenges the validity of his conviction and sentence. Therefore, his exclusive avenue for the relief he seeks is a habeas action brought under 28 U.S.C. § 2255." (*Id.* at 2.) Accordingly, Magistrate Judge Steger recommended that this action be dismissed for failure to state a claim upon which relief can be granted. (*Id.*)

Plaintiff objected to the report and recommendation on the basis that his "pleading contains sufficient factual matter, accepted as true, to state a claim to relief for fraud" and that the Court should liberally construe his pleadings to state a claim. (Doc. 12, at 1–2.) His objection does not, and cannot, provide grounds for the Court to ignore the binding precedent

3
Case 1:22-cv-00195-TRM-CHS   Document 14   Filed 12/07/22   Page 3 of 5   PageID #: 38

that "habeas provide[s] the exclusive action" for claims "implicating the fact or duration of confinement . . . ." *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). The only relief Plaintiff seeks in this action implicates the fact of his conviction, sentence, and incarceration. (*See* Doc. 1, at 5.) Therefore, Plaintiff's objection (Doc. 12) to Magistrate Judge Steger's report and recommendation is hereby **OVERRULED**. Accordingly, the Court will **DISMISS** this action for failure to state a claim.

### III. VEXATIOUS-LITIGANT REFERRAL

Additionally, this is now the third time the Court will have dismissed an action brought by this Plaintiff for failure to state a claim, and Plaintiff has a robust history of frivolous filings. (*See* Doc. 12 in Case No. 1:09-cv-97; Doc. 17 in Case No. 1:09-cv-65; *see generally* Case No. 1:08-cr-118.) Indeed, at his sentencing hearing, the presiding judge told Plaintiff, "[a]s I have previously observed, about 95 percent, that's a rough estimate, of the motions you filed have been totally frivolous without any, any legal basis. They have demonstrated as much contempt for the legal processes and this Court, and for any authority whatsoever, as you have demonstrated the level of contempt that you have for human life." (Doc. 191, at 26 in Case No. 1:08-cr-118.)

Plaintiff's frivolous filings have only continued in the more than twelve years since that hearing through numerous unsuccessful appeals, § 2255 motions, and additional independent actions for relief. (Docs. 184, 203, 246, 249, 254, 255, 257, 259, 269, 271, 273, 278, 281 in Case No. 1:08-cr-118; Doc. 12 in Case No. 1:09-cv-97; Doc. 17 in Case No. 1:09-cv-65.) Pursuant to Standing Order 18-04, the judges of this District have delegated to the chief judge the authority to enter injunctions "limiting filings by individuals who have abused the legal process and adjudicate any matters arising from those injunctions." The standing order further provides that

"[d]istrict judges will refer litigants with a history of repetitive, vexatious, or frivolous litigation to the chief judge to determine whether an injunction is appropriate." *Id*. Plaintiff qualifies for such a referral.

## IV. CONCLUSION

For these reasons, the Court hereby **OVERRULES** Plaintiff's objection (Doc. 12) and will **ACCEPT** and **ADOPT** Magistrate Judge Steger's report and recommendation (Doc. 11). Accordingly, the Court **ORDERS** that this action be **DISMISSED** for failure to state a claim upon which relief can be granted. Additionally, pursuant to Standing Order 18-04, Plaintiff Raymond Tate is hereby **REFERRED** to the undersigned for review and determination of whether an injunction is appropriate based on his repetitive and frivolous filings in this and other cases before the Court.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**